IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IRENE BERTRAND, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 1:11-cv-01033 |
| vs. | § | |
| | § | Jury Trial Demanded |
| PHILLIPS & COHEN | § | |
| ASSOCIATES, LTD., | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Irene Bertrand ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Texas Finance Code, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behavior.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Irene Bertrand ("Plaintiff"), is a natural person residing in State of Texas, County of Bastrop.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Phillips & Cohen Associates, Ltd. ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on August 30, 2011, and at such time, left the following voicemail message:

> "This is an important call for Irene Bertrand. This is not a telemarketing call. Please ask Irene Bertrand to call us at 1866-

> 333-0442. Once again the number is 1866-333-0442. Thank you." (pre-recorded)

14. In its voicemail message of August 30, 2011, Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

15. In its voicemail message of August 30, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

16. Defendant placed a call to Plaintiff's cellular telephone on September 9, 2011, and at such time, left the following voicemail message:

> "This is an important call for Irene Bertrand. This is not a telemarketing call. Please ask Irene Bertrand to call us at 1866-333-0442. Once again the number is 1866-333-0442. Thank you." (pre-recorded)

17. In its voicemail message of September 9, 2011, Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

18. In its voicemail message of September 9, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

19. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

20.     As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(d)(6)

21.     Plaintiff repeats and re-alleges each and every allegation contained above.

22.     Defendant violated 15 U.S.C. § 1692(d)(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated  15 U.S.C. § 1692(d)(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF TEX. FIN. CODE § 392.302(2)

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant violated Tex. Fin. Code § 392.302(2) by placing telephone calls to Plaintiff's telephone without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.302(2);

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(5)(B)

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant violated Tex. Fin. Code § 392.304(a)(5)(B) by failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was a

written or oral communication between Defendant and Plaintiff subsequent to the initial communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.304(a)(5)(B);

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated Tex. Fin. Code § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.304(a)(19);

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI—DTPA

31. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

32. A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

33. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## CERTIFICATE OF SERVICE

I certify that on December 1, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Western District of Texas, Austin Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz